# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **AMANDA KLAUS,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **v.** | § | **No. 1:26-cv-00422-DAE-SH** |
| | § | |
| | § | |
| **ROBERT WILLIAMS, et al.,** | § | |
| *Defendants* | § | |

## ORDER

Before the Court are Plaintiff's Motion to Appoint Counsel (Dkt. 2) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 4), both filed February 23, 2026.[1]

### I.   Application to Proceed *In Forma Pauperis*

Plaintiff asks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). Under that statute, a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she cannot pay such fees. The district court's decision whether a party may proceed *in forma pauperis* "must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). The movant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, the question is whether the movant can afford the costs without undue hardship or deprivation of "the necessities of life." *Id.*

After reviewing Plaintiff's application, the Court finds that she cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** her application to proceed *in forma*

---

[1] The District Court referred this case to this Magistrate Judge for disposition of the application to proceed *in forma pauperis* and motion for appointment of counsel, and a recommendation as to whether the case should be dismissed as frivolous under Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and Senior United States District Judge David A. Ezra's Standing Order Referring Cases to the U.S. Magistrate Judge in the Austin Division. Dkt. 6.

*pauperis*. The Court grants *in forma pauperis* status subject to a later determination that this action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious under 28 U.S.C. § 1915(e). Plaintiff also is informed that although she has been granted leave to proceed *in forma pauperis*, the Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.   Review under Section 1915(e)(2)(B)

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her complaint under 28 U.S.C. § 1915(e)(2)(B). Under that statute, a court may summarily dismiss or partly dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

In deciding whether a complaint states a claim, the Court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint fails to state a claim under § 1915(e)(2)(B) "when it lacks sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff brings this civil rights suit under 42 U.S.C. § 1983 against Bastrop County, Texas Sheriff Maurice Cook and Deputies Robert Williams, Joseph Hines, Andrew Martinez, Joshua Haycraft, Aaron Cawthon, Thomas Consentino, Matthew Plocica, Pedro Reyes, James Moore,

Amanda Grayson, and Mark Garcia. Plaintiff alleges that Defendants conducted an unlawful search and seizure of her property and person and used excessive force when they detained her, in violation of Fourth Amendment rights. Plaintiff also alleges that Defendants violated her First and Second Amendment rights during the allegedly unlawful search and seizure.

Plaintiff's allegations are sufficient at this stage to avoid dismissal for frivolousness. This Magistrate Judge does not recommend dismissal under 28 U.S.C. § 1915(e)(2)(B).

### III.    Motion for Appointment of Counsel

Plaintiff asks the Court to appoint her counsel to represent her in this matter. A *pro se* plaintiff in a civil case, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citation omitted). A district court need not appoint counsel for an indigent plaintiff in a civil lawsuit absent exceptional circumstances. *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021). Factors a court should consider in determining whether exceptional circumstances warrant appointment of counsel include the: (1) type and complexity of the case; (2) plaintiff's ability adequately to present and investigate her case; (3) presence of evidence that largely consists of conflicting testimony, requiring skill in presentation and cross-examination; and (4) likelihood that appointment will benefit the plaintiff, the court, and the defendant by shortening the proceeding and assisting in just determination. *Id.*

The Court finds that Plaintiff has not shown exceptional circumstances warranting appointment of counsel. The issues presented here do not appear to be particularly complex, and Plaintiff has adequately and coherently litigated her case thus far. Because Plaintiff has not presented exceptional circumstances to warrant the appointment of counsel, her Motion to Appoint Counsel (Dkt. 2) is **DENIED**.

## IV.    Conclusion

The Court:

1.  **DENIES** Plaintiff's Moton to Appoint Counsel (Dkt. 2);

2.  **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 4) and **ORDERS** Plaintiff's Complaint to be filed without prepayment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1);

3.  **ORDERS** the Clerk to issue summons; and

4.  **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

The Court **FURTHER ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

**SIGNED** on March 26, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4